UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

NATIVIDAD SILVA,

    Petitioner,

v.

SCOTT P. FISHER, Warden,

    Respondent.

Civil No. 12-1934 (ADM/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is an inmate at the Federal Correctional Institution in Sandstone, Minnesota. He is serving a 397-month prison term imposed in 1993 in the United States District Court for the Northern District of Texas. Petitioner was sentenced after pleading guilty to several federal criminal charges stemming from a series of armed robberies.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

By Petitioner's own admission, he has challenged the legality of his conviction and sentence in numerous previous appeals, post-conviction motions, and habeas corpus petitions. (Petition, [Docket No. 1], pp. 2-3.) In one of those prior proceedings, the Fifth Circuit Court of Appeals issued an opinion that provides a good synopsis of the relevant history of this case:

> "In January 1993, Natividad Silva, Jr., [Petitioner] now federal prisoner # 23368-077, was convicted by guilty plea for robbery affecting commerce in Counts 1, 2, 3, and 5 and for possession of a firearm during a crime of violence in Counts 4 and 6. He was sentenced to concurrent 97-month terms of imprisonment on Counts 1, 2, 3, and 5; a consecutive 60 month-term of imprisonment on Count 4; and a consecutive 240-month term of imprisonment on Count 6....
>
> In Count 6, Silva and Jesus Silva (hereinafter referred to as Jesus) were charged with knowingly using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1). Silva concedes that the record established that he robbed an armored truck with the use of a firearm and that Jesus provided him with transportation to and from the scene of the crime."

Silva v. Berkebile, 326 Fed.Appx. 821, 821-22 (5th Cir. 2009) (per curiam), (unpublished opinion) (hereafter "Silva v. Berkebile").

Petitioner initiated Silva v. Berkebile by filing a § 2241 habeas corpus petition in the Northern District of Texas. He apparently recognized that 28 U.S.C. § 2255 is the prescribed post-conviction remedy for federal prisoners, and they normally cannot collaterally attack a federal criminal conviction or sentence in a habeas corpus petition brought under 28 U.S.C. § 2241. See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241"). However, a federal

2

prisoner can seek post-conviction relief under § 2241 under the "savings clause" of § 2255, if the remedy provided by § 2255 is "inadequate or ineffective." Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). In Silva v. Berkebile, Petitioner contended that the savings clause was applicable to his case, and he should be allowed to collaterally challenge his 1993 federal criminal conviction in a § 2241 habeas corpus petition.

Petitioner's substantive claims in Silva v. Berkebile were based on Bailey v. United States, 516 U.S. 137 (1995). There, the Supreme Court held that a conviction under 18 U.S.C. § 924(c)(1), for "use" of a firearm "during and in relation to any crime of violence," requires evidence showing "an active employment of the firearm by the defendant." Id. at 142-43. Petitioner argued that he was "actually innocent" of his § 924(c)(1) conviction, because there was insufficient evidence showing "use" of a firearm during his robbery offense. He further argued that § 2255 was an "inadequate or ineffective remedy" for his Bailey claim, and the savings clause was therefore applicable, because Bailey was not decided until after he had already used his one opportunity to seek relief under § 2255.[2]

---

[2] In Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001), the Fifth Circuit Court of Appeals held that:

> "[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Under these circumstances, it can fairly be said, in the language of the savings clause, that 'the remedy by [a successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention.'"

Thus, the Fifth Circuit concluded in Reyes-Requena, that the savings clause can be available to a prisoner who establishes that (1) pursuant to Bailey, he is actually innocent

3

According to Petitioner, he was convicted under § 924(c)(1) solely as an aider and abettor – i.e., solely because he had aided and abetted his brother Jesus's actual use of a firearm. However, Petitioner points out that it was he, rather than Jesus, who actually used a gun during the course of the robbery charged in Count Six of the indictment in his criminal case. (See Petition, p. 3.) Citing Bailey, Petitioner contends that his brother Jesus could not be convicted under § 924(c), because it was Petitioner himself, not Jesus, who actually "used" the gun during the robbery. Taking the argument one step further, Petitioner further contends that if Jesus could not properly convicted under § 924(c)(1), (because Jesus himself did not "use" a gun during a robbery), then Petitioner could not properly be convicted of aiding and abetting Jesus's use of a gun during a robbery. This reasoning leads Petitioner to conclude that he must be "actually innocent" of his § 924(c)(1) conviction. As summarized by the Fifth Circuit:

> "[Petitioner] argues that, in light of Bailey v. United States,... Jesus should not have been convicted of using or carrying a firearm in violation of § 924(c)(1). Petitioner concludes that he could not have been convicted of aiding or abetting Jesus's violation of § 924(c)(1) and that he is therefore actually innocent of Count 6."

Silva v. Berkebile, 326 Fed.Appx. at 822.

Petitioner's savings clause argument based on Bailey was rejected in Silva v. Berkebile. The Fifth Circuit concluded that the savings clause was not applicable, and Petitioner therefore could not seek post-conviction relief under § 2241, because he did not

---

of a § 924(c)(1) conviction, (because his conviction was based on insufficient evidence that he actively employed a firearm), and (2) he is no longer eligible for relief under § 2255, because he already sought relief under § 2255 before Bailey was decided. Because the petitioner in Reyes-Requena met these two requirements, the savings clause applied, and his Bailey claim could properly be considered in a § 2241 habeas corpus proceeding. Id. at 906.

4

have a viable "actual innocence" claim based on Bailey. Petitioner's Bailey claim was rejected, because Petitioner himself actively employed a firearm during a robbery, and he was therefore properly convicted under § 924(c)(1), regardless of his brother's culpability. The Fifth Circuit held that –

> "When a defendant is charged as both a principal and as an aider or abettor, the principal need not be identified and the defendant may be convicted as either a principal or an aider or abettor. United States v. Pearson, 655 F.2d 569, 570-71 (5th Cir.1981). As Silva failed to show that he was actually innocent of Count 6, he did not meet the 'savings clause' of 28 U.S.C. § 2255(e) by showing that the remedy provided under § 2255 is 'inadequate or ineffective' to test the legality of his detention. See Christopher v. Miles, 342 F.3d 378, 382 (5th Cir.2003)."

Silva v. Berkebile, 326 Fed.Appx. at 822 (emphasis added).

The Fifth Circuit concluded that:

> "Silva's appeal is without arguable merit and therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir.1983). Because the appeal is frivolous, it is dismissed. See 5th Cir. R. 42.2. Silva is warned that further frivolous filings will result in the imposition of sanctions."

Id.

Despite the Fifth Circuit's warning, Petitioner is now attempting to raise the same claim that was rejected as "frivolous" in Silva v. Berkebile. Because of the Fifth Circuit's previous ruling on Petitioner's claim, the current petition must be summarily denied.

## II. DISCUSSION

28 U.S.C. § 2244(a) states that:

"No circuit or district court judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."

5

This statute prohibits prisoners from filing a successive habeas corpus petition that seeks to re-raise claims that have already been raised and adjudicated on the merits in a prior habeas proceeding. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) (habeas petition presenting claims that had been adjudicated on the merits in a prior habeas case was a "successive petition" barred by § 2244(a)); Stanko v. Davis, 617 F.3d 1262, 1270 (10th Cir. 2010) (district court properly relied on § 2244(a) to dismiss habeas claims that had been decided in a previous habeas case); Graham v. Warden of FCI Allenwood, 348 Fed.Appx. 706, 707 (3rd Cir. 2009) (unpublished opinion) (second habeas petition need not be considered, because the relief requested was denied in a previous habeas case).

In this case, Petitioner is seeking federal habeas review of a claim that has already been adjudicated on the merits in a previous habeas corpus case. Petitioner is claiming that he is entitled to post-conviction relief under § 2241, because (a) pursuant to Bailey, he is actually innocent of his § 924(c)(1) conviction, and (b) his Bailey actual innocence cannot be vindicated in a § 2255 proceeding.

However, the Fifth Circuit Court of Appeals squarely rejected Petitioner's Bailey actual innocence claim in Silva v. Berkebile. In that case, Petitioner contended that he was charged only as an "aider and abettor" to his brother Jesus's § 924(c) offense, but, pursuant to Bailey, Jesus could not be could not be convicted under § 924(c), because only Petitioner himself, not Jesus, committed an act that satisfied Bailey's requirement of "active employment" of a firearm. Petitioner tried to convince the Fifth Circuit that, pursuant to Bailey, "Jesus should not have been convicted of using or carrying a firearm in violation of § 924(c)(1)," and thus Petitioner "could not have been convicted of aiding or abetting

6

Jesus's violation of § 924(c)(1)." Silva v. Berkebile, 326 Fed.Appx. at 822.

The claim presented here is indistinguishable from the claim presented in Silva v. Berkebile. Petitioner once more contends that he is actually innocent of aiding and abetting a § 924(c) offense, because he alone, not Jesus, actually used a firearm during the robbery. But again, the Fifth Circuit has flatly rejected Petitioner's audacious argument that he should be relieved from his 924(c)(1) conviction because it was he, not his brother, who actually used a firearm. Id. It is hardly surprising that Petitioner was warned not to raise such a "frivolous" argument again, (id.), and yet that is exactly what Petitioner is attempting to do here.

Because the claim presented in Petitioner's current habeas corpus petition was denied (as "frivolous") in Silva v. Berkebile, the current petition is a successive petition, which is barred by § 2244(a). The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.

Lastly, having determined that this action must be summarily dismissed pursuant to § 2244(a), the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, ("IFP"), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained). **III. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

7

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

3. This action be summarily DISMISSED.

Dated: August 22, 2012

              s/ Arthur J. Boylan
              ARTHUR J. BOYLAN
              Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 5, 2012.