UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Natividad Silva,

       Petitioner,

v.

Scott P. Fisher, Warden,

       Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 12-1934 ADM/AJB

_____

Natividad Silva, pro se.

Erika R. Mozangue, Esq., and Gregory G. Brooker, Esq., Assistant United States Attorneys, Minneapolis, MN, on behalf of Respondent.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Natividad Silva's ("Silva") Objections [Docket No. 4] to Magistrate Judge Arthur J. Boylan's August 22, 2012 Report and Recommendation [Docket No. 3] ("R&R"). Judge Boylan's R&R recommended denying Silva's Writ of Habeas Corpus petition [Docket No. 1] ("Petition") and In Forma Pauperis Application [Docket No. 2] ("IFP Application"), and dismissing the case summarily. After a thorough de novo review of the record and for the reasons stated below, Silva's Objections are overruled and Judge Boylan's R&R adopted.

## II. BACKGROUND

The factual and procedural history of this dispute are set forth more fully in Judge Boylan's R&R and are incorporated by reference. Accordingly, an abridged version of the relevant facts is presented below.

Silva is currently serving a 397-month sentence at the Federal Correctional Institution in

Sandstone, Minnesota. Petition 2. He pleaded guilty to several federal criminal charges related to a series of armed robberies in Texas and was sentenced in 1993. Id.

Silva admits he has challenged the legality of his underlying conviction and his sentence in several previous appeals, post-conviction motions, and habeas petitions, all of which were denied. Id. at 2–3. In a previous proceeding brought under 28 U.S.C. § 2255, Silva argued that he was "actually innocent" of his conviction for "use" of a firearm "during and in relation to any crime of violence," as required by 18 U.S.C. § 924(c)(1)(A). Silva v. Berkebile, 326 F. App'x 821, 822 (5th Cir. 2009) (per curiam). Silva argued then that he was convicted under § 924(c)(1) solely for aiding and abetting his brother Jesus Silva ("Jesus") in the armed robbery. Silva argues the evidence failed to establish that his brother actually used a firearm; thus, he could not be convicted as an aider and abettor of that crime. Id. Silva admits he actually used the gun during the armed robbery, not his brother Jesus. Id. Since Jesus was not properly convicted under § 924(c)(1), Silva argues he was not properly convicted of aiding and abetting Jesus's use of a gun during the armed robbery, and therefore was actually innocent. Id.

The United States Court of Appeals for the Fifth Circuit rejected Silva's argument, finding that he had not established actual innocence and therefore did not satisfy the savings clause of § 2255. "When a defendant is charged as both a principal and as an aider and abettor, the principal need not be identified and the defendant may be convicted as either a principal or an aider or abettor." Id. (citing United States v. Pearson, 655 F.2d 569, 570–71) (5th Cir. 1981)). Because Silva was not actually innocent of being the principal, the Fifth Circuit found he had not shown the remedy provided under § 2255 was "inadequate or ineffective" so as to allow him to bring a § 2241 petition. Id. The Fifth Circuit determined Silva's appeal was "without arguable

merit and therefore frivolous," dismissed his petition, and "warned [him] that further frivolous filings will result in the imposition of sanctions." Id. Undeterred, Silva now brings his current habeas corpus petition under 28 U.S.C. § 2241, pursuant to the § 2255 savings clause.

## III. DISCUSSION

Silva's § 2241 petition warrants denial because it is a successive habeas corpus petition raising claims already adjudicated on the merits in a prior habeas proceeding. "No circuit or district court judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a); see also Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) (affirming district court's dismissal of habeas case because it had "been previously adjudicated on the merits by the Arkansas habeas court and affirmed on appeal").

Silva argues he is entitled to § 2241 relief under Bailey v. United States, 516 U.S. 137 (1995), because he is actually innocent of his § 924 conviction and because his actual innocence cannot be vindicated in a § 2255 proceeding. The Fifth Circuit has already rejected all these arguments in Silva v. Berkebile, 326 F. App'x 821. The Fifth Circuit found frivolous Silva's argument that he was actually innocent because he used the firearm in the robbery, not his brother Jesus. 326 F. App'x at 822. Because Silva's claims have already been adjudicated and found frivolous, his current Petition is a successive petition barred by § 2244(a).

Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

direct the clerk to notify the petitioner." Id.. Rule 4 is applicable to § 2241 cases through Rule 1(b). See Risenhoover v. Washington Cnty. Cmty. Servs., 545 F. Supp. 2d 885, 888 (D. Minn. 2008) (applying Rule 4 to a § 2241 petition). As a successive § 2241 petition, Silva's Petition is denied.

Finally, because the underlying habeas petition is frivolous and therefore dismissed, the Court will also deny Silva's IFP Application. See 28 U.S.C. § 1915(e)(2)(B)(ii); Kruger v. Erickson, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (stating that petitions to proceed *in forma pauperis* should be denied when a petition for writ of habeas corpus is denied).

## IV.  ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Natividad Silva's Objections  [Docket No. 4] are **OVERRULED**;

2. Judge Boylan's Report and Recommendation [Docket No. 3] is **ADOPTED**;

3. Petitioner Natividad Silva's Writ of Habeus Corpus petition [Docket No. 1]  is **DENIED**; and

4. Petitioner Natividad Silva's In Forma Pauperis Application [Docket No. 2] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 9, 2012.